ELLIOT GIPSON PC
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@elliotgipson.com
BRIANNA N. LOGAN (State Bar No. 347947)
BLogan@elliotgipson.com
15260 Ventura Blvd., Suite 835
Los Angeles, California 91403
Telephone: 310.817.1268

Attorneys for Plaintiff
CBMG, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CBMG, LLC, doing business as BROKE, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>BEN COATES, an individual, OUTCASTE RECORDS LTD, a UK company, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 2:26-CV-11568<br><br>**PLAINTIFF CBMG, LLC'S COMPLAINT FOR: 1) DECLARATORY RELIEF; 2) DMCA MISREPRESENTATION; 3) COPYRIGHT INFRINGEMENT; 4) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND 5) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Judge:<br>Courtroom:<br><br>Action filed: |

ELLIOT GIPSON PC

ELLIOT GIPSON PC

## CBMG, LLC'S CLAIMS

Plaintiff CBMG, LLC (hereinafter "CBMG" or "Plaintiff"), by and through counsel hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Defendant Ben Coates (hereinafter "Coates") is a music executive and managing partner of Outcaste Records Ltd. Defendant Outcaste Records Ltd ("Outcaste") is a record label (together collectively "Defendants"). Plaintiff CBMG, LLC ("CBMG") is a record label. CBMG's claims are about the fraudulent actions Defendants engaged in by claiming rights and distributing music they did not own.

2. CBMG has exclusive rights to the song VIBIN (or the "Song"), written and performed by Joshua Felder ("Felder") who is known professionally as the artist "Wxoda", and co-written by Isaiah Harrison ("Harrison"), known professionally as "DJ ZEK3". Direct Motion LLC ("Direct Motion") is the owner of the song VIBIN, and assigned its interest to Plaintiff on or about September 2, 2026

3. On or around July 31, 2026, Felder released the song VIBIN via Distrokid.

4. On or around August 12, 2026, CBMG and Felder entered into an agreement for the distribution of VIBIN.

5. On or around August 18, 2026, Outcaste purported to enter into an agreement with Felder for the distribution of VIBIN.

6. On or around August 18, 2026, Platinum Image Royalties ("PIR"), notified CBMG that VIBIN was owned by PIR via a previously existing agreement dated April 2024, and claimed that the Song was released without PIR's approval.

7. Subsequent to that date, PIR, Direct Motion, and CBMG negotiated a new deal which included VIBIN, plus six singles for a sizable advance, recording fund, and marketing commitment. On or about September 1, 2026, PIR assigned all of its rights to Direct Motion. On or about September 2, 2026, Direct Motion and CBMG signed the new agreement. Felder also signed such new agreement. This new agreement assigned

Direct Motion's copyrights to CBMG as an exclusive licensee in the sound recording and underlying composition for VIBIN.

8. On or around September 5, 2026, CBMG attempted to deliver VIBIN to SoundOn so that it could be distributed on all major DSPs. SoundOn rejected CBMG's delivery of VIBIN because Outcaste (through Relentless Records and Sony) had begun to distribute its own version of VIBIN.

9. On or about September 8, 2026, Mr. Coates and Outcaste claimed they had the rights to VIBIN per an agreement with Felder and because it purportedly held an exclusive license to a sample in the Song.

10. The purported sample that Outcaste had exclusive clearance rights to was "Champagne Coast" – which lasts approximately seven (7) seconds and appears near the end of the original version of the song VIBIN at around the 3:15 mark.

11. Out of an abundance of caution, CBMG switched out the version of VIBIN which contained the purported sample on or about September 16, 2026. Since that time, no version of VIBIN that CBMG has distributed has utilized the masters or sample purportedly owned or controlled by Outcaste.

12. Out of an abundance of caution, on or about September 24, 2026, CBMG switched out the remaining samples in VIBIN – all of which were unrelated to Outcaste and Mr. Coates. The version of VIBIN that has been available since on or about September 24, 2026 features no samples.

13. Regardless of the fact that Outcaste owns no rights to either the composition or the sound recording for VIBIN that CBMG distributes, Mr. Coates and Outcaste have continued to issue false takedown notices through DSPs using the DMCA process and have continued to distribute their own infringing version of the Song.

14. Outcaste never had the legal right to distribute VIBIN because it never had a valid license to do so. Only CBMG has a valid license to distribute VIBIN.

15. In fact, Mr. Felder has subsequently explicitly told Outcaste that it has no rights to distribute the Song, but to no avail. Outcaste continues to issue false DMCA



ELLIOT GIPSON PC

takedown notices against VIBIN despite the fact it has no colorable claim to distribute the sound recording, the composition, or at this point – even a seven second sample. CBMG has issued counternotices to such purported strikes.

16. Indeed, CBMG has issued DMCA copyright notices of its own which Outcaste rejected through their counternotices.

17. Defendants have uploaded infringing tracks to Spotify, all of which infringe on CBMG's exclusive distribution rights in VIBIN. They can be found here:

- https://open.spotify.com/album/6rYPwqWJoycTXAXgTayQ5B
- https://open.spotify.com/track/67AYRR5wUzUSpicF2iigOO
- https://open.spotify.com/track/7BeslURIbkny4Y9aU2Sm0l

18. These infringing tracks have also been released and/or distributed by Sony Music.

19. CBMG has been damaged by the actions of Mr. Coates and Outcaste.

20. VIBIN is registered with the United States Copyright Office with Registration No. SR0001080516, registered as of September 25, 2026, and Registration No. PA0002607112, registered as of October 1, 2026.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over CBMG's declaratory relief and copyright infringement claims regarding its ownership of the copyrights at issue pursuant to 28 U.S.C. §§ 1331 and 1338(a) and with regard to its DMCA misrepresentation claims pursuant to 17 U.S.C. § 512 (f).

22. This Court has personal jurisdiction over Defendants because Defendants have committed a substantial part of the wrongful acts alleged in the Complaint within this district, including using YouTube's servers, apps, websites and/or other software services located in California to make false statements utilizing the DMCA notice and takedown processes, targeting Plaintiff, a district resident, with their tortious actions, and causing Plaintiff substantial harm within the district.

23. Venue is proper in this district under 28 U.S.C. § 1391 (b)-(c) and 28 U.S.C. § 1400(a) because a substantial part of the acts, events, and omissions complained of herein occur, or have occurred, in this district.

**THE PARTIES**

24. Plaintiff CBMG, LLC is a record label. CBMG is a Delaware limited liability company, with its principal place of business in Los Angeles, California.

25. Defendant Ben Coates is a natural person and is a music executive residing in England.

26. Defendant Outcaste Records Ltd is a UK-registered private limited company engaged in sound recording and music publishing activities, residing in England.

27. At all times Defendant Coates has dominated and controlled Outcaste such that Outcaste is Mr. Coates' alter ego and vice versa.

28. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, are unknown at the present time and Plaintiff therefore sues said Does and each of them by such fictitious names. If necessary, Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when they are ascertained.

29. Unless otherwise indicated herein, on information and belief, each of Does 1 through 10, inclusive, participated in the activities described herein and rendered material assistance to the other Defendants in the actions alleged herein, conspired and agreed with and aided and abetted one or more of the other Defendants, and at all relevant times each of the Defendants was the principal or agent, alter ego, partner, joint venturer, co-venturer, co-conspirator, independent contractor, servant and/or employee of at least one other of the other Defendants, and all of the acts performed by them or omissions alleged herein were made in the course and scope of their employment, agency, partnership, joint venture, conspiracy or other such relationship and with knowledge, consent, approval and/or ratification of the principals, and each of them. Unless otherwise indicated herein, each of the parties herein named as Does 1 through 10 is responsible in some manner or

fashion, and is by contract or otherwise, the successor, assign, joint venturer, co-venturer, co-conspirator, partner or alter ego of one or more of the Defendants, or was otherwise involved with the other Defendants in the wrongdoing alleged herein, and by virtue of such capacity, assumed the obligations herein owed by Defendants, and is liable and responsible for the damages on the facts alleged herein and for all the relief sought.

30. Unless otherwise indicated herein, on information and belief, there has existed at all relevant times, a unity of interest and ownership between each of the Does 1 through 10 named herein, and at least one or more of the Defendants, such that any individuality and separateness between them has ceased and each is the "alter ego" of the other, and that adherence to the fiction of the separate existence of each Doe Defendant as an entity or individual distinct from one or more of the Defendants would therefore permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

31. Unless otherwise indicated herein, on information and belief, there has existed at all relevant times a joint venture between each of the Does 1 through 10 named herein, and at least one or more of the Defendants, such that each of the Does 1 through 10 and at least one or more of the Defendants shared a common business interest, shared control, profits and losses arising from such common business interests, and therefore are liable and responsible for the damages on the facts alleged herein and for all relief sought.

## FIRST CAUSE OF ACTION

**(Declaratory Relief and Judgement Against All Defendants)**

32. CBMG repeats and re-alleges paragraphs number 1 through 31 as if fully set forth herein.

33. CBMG alleges that an actual case or controversy has arisen by the filing of this lawsuit and now exists concerning the ownership and control of the copyrights to VIBIN.

34. CBMG has provided notice to Defendants and/or their agents that CBMG is the rightful exclusive licensee of the copyrights in the sound recording and composition





ELLIOT GIPSON PC

for VIBIN and Felder is exclusively signed to CBMG. Felder and Harrison have assigned or exclusively licensed their rights to VIBIN to Direct Motion. Direct Motion has in turn granted an exclusive license for certain rights to VIBIN with CBMG.

35. As such, CBMG is the rightful owner of the subject copyrights and is the exclusive licensee of the song VIBIN.

36. CBMG seeks a declaration that the license or assignment agreements Felder and Harrison signed with Direct Motion are valid and not void, that CBMG is the sole exclusive licensee of the copyrights in VIBIN.

37. To the extent, there was any issue with CBMG's rights to earlier iterations of VIBIN, CBMG seeks a declaration that each copyright in VIBIN is valid and non-infringing as to the purported rights of Defendants.

**SECOND CAUSE OF ACTION**

**(DMCA Misrepresentation 17 U.S.C. § 512 (f) against Defendants)**

38. CBMG repeats and re-alleges paragraphs number 1 through 37 as if fully set forth herein.

39. CBMG is the exclusive licensee of the copyrights in the sound recording and underlying composition for the song VIBIN.

40. CBMG published VIBIN on numerous digital streaming platforms including YouTube, Spotify, Apple Music, and other music streaming platforms.

41. Defendants filed DMCA takedown notices with YouTube, Spotify, Amazon, and Apple Music, which requested removal of VIBIN. Spotify, YouTube, Amazon, and Apple Music subsequently removed VIBIN from their platforms.

42. Defendants made materially false statements to music service provider platforms YouTube, Apple Music, Amazon, and Spotify when they knowingly issued wrongful DMCA strikes against CBMG and claimed to be the rightful owner and/or licensee of VIBIN and claimed that CBMG was infringing on Defendants' rights.

43. Defendants knew these statements were false at the time they made them to the subject music service provider platforms.



ELLIOT GIPSON PC

44. By reason of Defendants' false statements to digital service providers YouTube, Amazon, Apple Music, and Spotify, the songs were removed, disabled, and/or demonetized so that CBMG was no longer paid by the subject service provider platforms for VIBIN.

45. CBMG has been damaged by Defendants' actions and will continue to be damaged by Defendants' actions unless and until Defendants cease to falsely claim music rightfully belonging to CBMG.

## THIRD CAUSE OF ACTION

**(Copyright Infringement - 17 U.S.C. § 106 against all Defendants)**

46. CBMG repeats and re-alleges paragraphs number 1 through 45 as if fully set forth herein.

47. VIBIN is registered with the United States Copyright Office.

48. At all times relevant hereto, CBMG is the exclusive licensee of the copyrights in the sound recording and underlying composition for the song VIBIN.

49. On or around September 5, 2026, Defendants began to distribute a version of the song infringing upon the copyright(s) to VIBIN.

50. Direct Motion owns the exclusive rights to the sound recording and the underlying compositions, through its agreements with Felder, Harrison and PIR.

51. As the copyright holder, Direct Motion then granted CBMG an exclusive license for VIBIN.

52. Defendants without authorization, license or consent of the copyright owners have and continue to reproduce, distribute, and/or publicly perform the VIBIN after it was exclusively licensed to Plaintiff, in violation of Section 106 of the Copyright Act. Defendants are infringing on Plaintiff's exclusive rights in VIBIN, which are owned by Plaintiff through the exclusive license granted to it by Direct Motion.

53. Defendants have authorized the reproduction, distribution, and/or public performance of VIBIN by distributing them on digital streaming platforms, including but not limited to Spotify and YouTube.



ELLIOT GIPSON PC

54. Each unauthorized reproduction, distribution, and/or public performance of VIBIN constitutes a separate and distinct act of copyright infringement of VIBIN.

55. Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's rights in the copyrights in VIBIN and the direct infringement thereof. Defendants have full knowledge that they do not actually have any valid rights in VIBIN, yet they continue to exploit them.

56. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

57. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

58. Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

## FOURTH CAUSE OF ACTION

**(Contributory Copyright Infringement - 17 U.S.C. § 106 against all Defendants)**

59. CBMG repeats and re-alleges paragraphs number 1 through 58 as if fully set forth herein.

60. Through their conduct alleged herein, Defendants knowingly and materially contributed to the copyright infringement of VIBIN.

61. Defendants had knowledge of the infringing acts of each other and materially contributed to and/or induced the infringement of VIBIN in which Plaintiff holds exclusive rights, in violation of 17 U.S.C. § 106.

62. Further, through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of VIBIN, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube and Spotify

ELLIOT GIPSON PC

ELLIOT GIPSON PC

platforms. Specifically, by distributing, displaying, and performing VIBIN on these platforms and allowing them to reproduce, distribute, and/or publicly perform VIBIN, Defendants induced and encouraged these and other streaming services to directly infringe the copyrights in VIBIN.

63. Each unauthorized reproduction, distribution, and/or public performance of VIBIN constitutes a separate and distinct act of contributory copyright infringement.

64. Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's copyrights in VIBIN and the contributory infringement thereof. Defendants have full knowledge that they do not actually have any valid rights in the VIBIN, yet they continue to exploit them.

65. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

66. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

67. Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

**FIFTH CAUSE OF ACTION**

**(Vicarious Copyright Infringement - 17 U.S.C. § 106 against all Defendants)**

68. CBMG repeats and re-alleges paragraphs number 1 through 67 as if fully set forth herein.

69. Through their conduct alleged herein, Defendants vicariously infringed on Plaintiff's copyrights in the Song.

70. Defendants had the right and ability to supervise the infringing distribution by third parties of VIBIN, including without limitation, by way of reproduction, distribution, and/or public performance through the various streaming and distribution

websites. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of VIBIN while having the right and ability to supervise the infringing activity yet failed to exercise those rights to prevent the infringing activity.

71. By distributing, displaying, and performing VIBIN on these platforms and allowing them to reproduce, distribute, and/or publicly perform the Song, Defendants vicariously infringed on Plaintiff's copyrights in the Song.

72. Each unauthorized reproduction, distribution, and/or public performance of VIBIN constitutes a separate and distinct act of vicarious copyright infringement of the Song.

73. Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's copyrights in VIBIN and the vicarious infringement thereof. Defendants have full knowledge that they do not actually have any valid rights VIBIN, yet they continue to exploit them.

74. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

75. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

76. Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For declaratory relief that:

a. CBMG is the owner of the copyrights for VIBIN;

b. CBMG's copyright registrations for VIBIN are valid;

ELLIOT GIPSON PC

c. As between the parties, CBMG owns the exclusive rights to administer and distribute the composition and masters for VIBIN;

2. For injunctive relief ordering Defendants to remove the false copyright claim notices on all music provider platforms for VIBIN;

3. For damages as authorized under statute for violation of the DMCA;

4. For general, compensatory, and consequential damages in an amount to be determined at trial;

5. For punitive damages in an amount to be determined at trial but no less than $1 million;

6. For any money damages awarded, for pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants;

7. For all the costs of suit and attorneys' fees incurred by Plaintiff herein as the prevailing party, and by all other available law, contract, statute, caselaw, and/or equity; and

8. For such other and further relief as the Court may deem just and proper.

DATED: October 5, 2026

ELLIOT GIPSON PC
ELLIOT B. GIPSON
BRIANNA LOGAN

By /s/ *Elliot B. Gipson*
ELLIOT B. GIPSON
Attorneys for Plaintiff CBMG, LLC

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CBMG, LLC hereby demands a trial by jury of all issues in the Complaint that are subject to jury trial, if any.

DATED: October 5, 2026

ELLIOT GIPSON PC
ELLIOT B. GIPSON
BRIANNA LOGAN

By /s/ *Elliot B. Gipson*
ELLIOT B. GIPSON
Attorneys for Plaintiff CBMG, LLC



ELLIOT GIPSON PC